Filed 6/21/22  In re A.M. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re A.M. et al., Persons Coming Under Juvenile Court Law. | B316989 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>D.S. et al.,<br><br>Defendants and Appellants. | (Los Angeles County Super. Ct. No. 19CCJP04392A–B) |

APPEAL from orders of the Superior Court of Los Angeles County, Tara Newman, Judge. Conditionally reversed and remanded with directions.

Patricia K. Saucier, under appointment by the Court of Appeal, for Defendant and Appellant D.S.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant E.V.

Dawyn R. Harrison, Acting County Counsel, Kim Nemoy, Assistant County Counsel, Sally Son, Deputy County Counsel, for Plaintiff and Respondent.

—————————————————————

Mother D.S. and father E.V. appeal from an order terminating their parental rights over their child A.V. pursuant to Welfare and Institutions Code section 366.26. Mother also appeals from an order terminating her parental rights over her child A.M. Both parents contend that the termination orders should be conditionally reversed and remanded for compliance with the inquiry and notice requirements of the Indian Child Welfare Act of 1978 (ICWA; 25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). No interested party filed a respondent's brief; instead, counsel for the parents, minors, and the Los Angeles County Department of Children and Family Services filed a joint application and stipulation for conditional reversal and remand to the juvenile court for compliance with ICWA and the issuance of an immediate remand.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) And, after reviewing the entire record, we find that the statutory requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal

have been satisfied here.  (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

## DISPOSITION

The juvenile court's November 24, 2021, orders terminating parental rights under Welfare and Institutions Code section 366.26 are conditionally reversed and remanded for the sole purpose of compliance with ICWA and related state statutes.  On remand, the court shall proceed as follows:

1.     The court shall order the Department to make initial inquiry of the parents and available extended maternal and paternal extended family members regarding whether the children are or may be Indian children;

2.     The court shall further order the Department to document its inquiry efforts and provide the court with a report of the results of those efforts;

3.     At a noticed hearing with counsel for the parents, the court shall determine whether further inquiry and/or notice is required and make findings consistent with ICWA;

4.     If the court determines ICWA does not apply, it shall reinstate the orders terminating parental rights.  If the court determines ICWA does apply because a child qualifies as an

Indian child as defined by ICWA, the court shall proceed in accordance with ICWA.

The remittitur shall issue forthwith.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.